```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


HOSAM M. ZAKARIA,              )
                               )
     Petitioner,               )
                               ) CRIMINAL NO. 91cr181
                               ) CIVIL NO. 97cv2080
          v.                   )
                               )
UNITED STATES OF AMERICA,      )
                               )
     Respondent.               )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Hosam Zakaria's motion to revisit prior rulings pursuant to Rule 60(B) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion will be denied.

### **I. Background**

On August 2, 1991, following a jury trial, Hosam Zakaria ("Zakaria") was convicted of one count of conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846 and three counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to life imprisonment on the conspiracy count. Zakaria's conviction was affirmed, in an unpublished opinion, on July 28, 1992. *United States v. Zakaria*, No. 91-5704, slip op. (4th Cir. July 28, 1992). On February 25, 1994, Zakaria moved for a new trial

pursuant to Federal Rule of Criminal Procedure 33, alleging perjury by a Government witness and a violation of Federal Rule of Evidence 615 at trial.

This Court denied the Rule 33 motion on March 3, 1994. Zakaria moved for reconsideration on April 20, 1994. The motion to reconsider was granted in part and denied in part. After reviewing the affidavits and evidence submitted by the Government in response to Zakaria's Rule 33 motion, the Court found no need for an evidentiary hearing concerning the alleged Rule 615 violation and perjury. Zakaria filed a second motion for reconsideration on June 9, 1994, which was denied on July 19, 2004. Zakaria appealed the denial of his post-conviction motions to the Fourth Circuit, raising the issues of alleged witness coaching and perjury. On December 19, 1994 the Fourth Circuit affirmed this Court's decision and denied Zakaria's petition for further rehearing.

Following the denial of his direct appeal, but before filing his Rule 33 motion on February 25, 1994, Zakaria filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania on February 6, 1994. The petition was subsequently transferred to this Court and re-characterized as a motion pursuant to 28 U.S.C. § 2255. On August 3, 1995, this Court issued an Order and Memorandum Opinion denying Zakaria's § 2255 motion. The Fourth

Circuit affirmed this Court's denial of the § 2255 motion on January 25, 1996.  *United States v. Zakaria*, 74 F.3d 1235 (4th Cir. 1996).  On April 22, 1999, Petitioner filed a motion for judicial inquiry into fraud, which was subsequently denied.  Petitioner followed by a motion to expand the record and preserve evidence, which was also denied.

On October 24, 2002, Zakaria filed a second § 2255 motion with the Court.  It was denied as successive.  The Fourth Circuit affirmed that denial in an unpublished opinion. *United States v. Zakaria*, No. 03-6850, 2003 WL 21666678 (4th Cir. 2003).  The Fourth Circuit also denied a certificate of appealability.  On November 17, 2003, the Supreme Court denied Zakaria's petition for *writ of certiorari*.

Petitioner next filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in January 2004 on the grounds that the Court erred in characterizing the October 2002 motion as a § 2255 motion.  That motion, also classified as a successive § 2255 motion, was denied on September 27, 2004.  The Supreme Court denied certiorari on October 3, 2005.

Petitioner now contends that he was never warned that the re-characterization of his February 1994 § 2241 petition to a § 2255 motion would place restrictions on subsequent § 2255 motions.  Petitioner argues that because such warnings were never given, neither the February 1994 nor the October 2002 motions

should have been classified as § 2255 motions.  Petitioner asks that the Court reconsider the October 2002 motion on its merits as Petitioner's first § 2255 motion.  This motion is currently before the Court.

## II. Standard of Review

Rule 60(b) allows a court to relieve a party of final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. Pro. 60(b).  A motion pursuant to Rule 60(b) shall be made within a reasonable time.  *Id.*

Relief under Rule 60(b)(6) is an extraordinary remedy that may be invoked only upon a showing of exceptional circumstances.  *Griffin v. Swin-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984).  Something more than a mere change in the law is necessary to provide grounds for Rule 60(b) relief.  *Booker v.*

*Singletary,* 90 F.3d 440, 442 (11th Cir. 1996). The burden is on the Petitioner to persuade the court that the circumstances are sufficiently extraordinary to warrant relief." *Id.* Even then, whether to grant the requested relief is, as noted above, a matter for the district court's sound discretion. *Id.*

### III.  Analysis

Petitioner seeks relief under *Gonzalez* for two § 2255 motions denied as successive. Petitioner claims that the Court erred in denying his motions filed in October 2002 and January 2004 as successive because he did not receive warnings when his first § 2255 motion, filed in 1994 was re-characterized from a § 2254 to a § 2255. Petitioner now asks this Court to reconsider its prior rulings and hear the October 2002 § 2255 motion on its merits. As a basis for relief, Petitioner points to the 2003 United States Supreme Court case *Castro v. United States,* 540 U.S. 375 (2003).

A.  United States v. Castro

In *Castro,* the Supreme Court held that when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion, the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive"

motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Id.* at 383. Furthermore, if the court fails to give the requisite warnings, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. *Id.*

### B. United States v. Gonzalez

In *Gonzalez,* the United States Supreme Court held that a motion for relief from judgment under Rule 60(b), which does not seek to advance a substantive claim, but instead attacks some defect in the integrity of the habeas proceedings is distinguished from a successive § 2254 motion. *See Henderson v. Collins,* 184 Fed. Appx. 518, 523 (6th Cir. 2006)(quoting *Gonzalez,* 125 S. Ct. at 2647-48).

### C. Petitioner's Claims for Relief

Petitioner argues for relief, claiming that the Supreme Court's holding in *Gonzalez,* coupled with the Supreme Court's 2003 decision in *Castro* constitutes an "extraordinary circumstance," warranting reconsideration of this Court's rulings that denied Petitioner's October 2002 and January 2004 § 2255 motions as successive. Petitioner first argues that he was not given proper warnings when his February 1994 motion was recharacterized as a § 2255 motion, and it should therefore not

be treated as his first § 2255 motion. As a result, Petitioner argues that the October 2002 motion should not have been denied procedurally as a successive § 2255 motion. Petitioner moves this Court pursuant to Rule 60(b)(6) to reconsider its prior rulings dismissing the 2002 motion as successive, and asks this Court to consider the motion on the merits.

Petitioner's motion will be denied for several reasons. First, Petitioner's efforts to revisit rulings from 1994 and 2002 under *Castro* are unwarranted. *Castro* was decided in 2003, and neither the Fourth Circuit nor the Supreme Court has indicated that the holding is retroactive. *See Jackson v. U.S.,* 2006 WL 2443687 at *2 (W.D. Va. 2006). The initial petition was recharacterized as a § 2255 in 1994, nearly a decade before *Castro* was decided, and nothing in Petitioner's motion indicates that the procedures for recharacterization existent at the time were not followed. That Petition was considered and denied on its merits. Since that time, Petitioner has filed two additional successive § 2255 petitions, which the Court correctly denied as successive. All rulings were affirmed by the Fourth Circuit, and no error was found, and all rulings comported with the procedures under § 2255. Accordingly, *Castro* provides no relief and Petitioner's motion will be denied.

Even if Petitioner's claim under *Castro* had merit, the claim that the *Gonzalez* decision somehow constitutes a change in

law amounting to an "extraordinary circumstance," compelling this Court to revisit its prior rulings on Petitioner's successive §2255 petitions does not. The holding in *Gonzalez* was explicitly limited to state petitioners filing habeas claims under § 2254, stating:

> Federal prisoners generally seek postconviction relief under § 2255, which contains its own provision governing second or successive applications. Although that portion of § 2255 is similar to, and refers to the statutory subsection applicable to second or successive §2254 petitions, it is not indentical. Accordingly, we limit our consideration to §2254 cases.

*Id.* at 2646 n.3; *see also United States v. Williams,* 167 Fed. Appx. 25, 26 (10th Cir. 2006)(denying a motion under 60(b) seeking to apply *Gonzalez* to a §2255 petition on the grounds that *Gonzalez* only applies to §2254 petitioners); *Parke v. United States,* 2006 WL 3051775 at *3 (N.D.N.Y. 2006). Furthermore, even if it were applicable, Petitioner has failed to allege any "extraordinary circumstance" granting relief under *Gonzalez.* The *Gonzalez* case itself held that even if the district court were indeed incorrect, a change in the procedural application of the AEDPA statute of limitations did not amount to an "extraordinary circumstance," holding that it was "hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Gonzalez,* 125 S.

Ct. at 2650. Accordingly, Petitioner's motion is without merit and will be denied.

### III. Conclusion

For the foregoing reasons, the Court will deny Defendant's motion for review pursuant to Rule 60(b). An appropriate Order will issue.

December 8, 2006                    _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE